UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

JAMES LYNN, )
)
        Plaintiff, )
v. ) Case No. 1:14-cv-217-TWP-DKL
)
SHERIFF JEFFREY SHERWOOD, et al., )
)
        Defendants. )

**Entry Discussing Amended Complaint, Dismissing Certain Claims
and Directing Further Proceedings**

**I.**

**A.**

Plaintiff James Lynn, a prisoner at the Correctional Industrial Facility, alleges that while confined at the Rush County Jail, in Rush County, Indiana, defendants violated his federally secured rights. His amended complaint is brought pursuant to 42 U.S.C. ' 1983, and his claims are the following:

1. He was Adenied adequate meals from April 2, 2013 through April 7, 2013."

2. He was "denied access to the courts and/or research materials off and on from January 11 2013 to June 10, 2013."

3. He was "denied adequate and immediate medical care following this incident [slipping and falling on water that had accumulated] from April 5, 2013 to April 6, 2013."

4. He was denied equal protection of the law.

Lynn seeks compensatory and punitive damages and requests that criminal charges be brought against all officers involved.

**B.**

The amended complaint is subject to the screening required by 28 U.S.C. ' 1915A(b). This

statute directs that the court dismiss a complaint or any claim within a complaint which "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.; see Lagerstrom V. Kingston,* 463 F.3d 621, 624 (7th Cir. 2006). A complaint is sufficient only to the extent that it A>contain[s] either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory.=@ *Bell Atl. Corp. v. Twombly,* 127 S. Ct. 1955, 1969 (2007) (quoting *Car Carriers, Inc. v. Ford Motor Co.,* 745 F .2d 1101, 1106 (7th Cir. 1984)).

The court construes the amended complaint to name the following as defendants: Rush County Sheriff Jeffrey Sherwood, Rush County, Rush County Sheriff's Department, Matthew Hedrich, Ryan Morrow and Christopher Reynolds. The plaintiff shall have **21 days** in which to identify any contrary understanding and explain the basis for any contrary understanding.

### C.

Lynn=s federal claims are viable only if he has asserted the violation of a federal right. *See Middlesex County Sewage Auth. v. Nat'l Sea Clammers Ass'n,* 453 U.S. 1, 19 (1981); *Juriss v. McGowan*, 957 F.2d 345, 349 n.1 (7th Cir. 1992) (without a predicate constitutional violation one cannot make out a *prima facie* case under ' 1983). The Fourteenth Amendment prohibits all punishment of pretrial detainees, but "not every disability imposed during pretrial detention amounts to punishment in the constitutional sense." *Id.* at 449 (internal quotation omitted). The issue is "whether a particular action was taken for the purpose of punishment or whether it is but an incident of some other legitimate governmental purpose." *Id.* (internal quotation omitted). For the reasons set forth below, the conduct Lynn alleges is not actionable under ' 1983.

*Rush County and Rush County Sheriff's Department are dismissed*. Rush County and the Rush County Sheriff's Department are named as defendants. Although as a municipality Rush

County and the Rush County Sheriff's Department are Apersons@ subject to suit under '1983, each can be held liable under '1983 only if it has adopted a "policy or custom" that resulted in the deprivation of the plaintiff's constitutional rights. *Bennett v. Roberts*, 295 F.3d 687, 699 (7th Cir. 2002) (citing *Monell v. Dep't of Soc. Servs*., 436 U.S. 658, 694 (1978)). A[I]t is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under '1983." *Monell*, 436 U.S. at 694. No allegation of such a municipal policy or custom on the part of Rush County or the Rush County Sheriff's Department is alleged here, and hence no viable claim is asserted against Rush County or the Rush County Sheriff's Department.

*Denial of Food*. Lynn's claim that he was denied adequate meals fails to state a claim upon which relief can be granted because it lacks factual content allowing the court to draw the reasonable inference that the conditions of his confinement involve the deprivation of a single identifiable human need or the denial of the minimal civilized measure of life's necessities. *James v. Milwaukee County*, 956 F.2d 696, 699 (7th Cir. 1992)("not all prison conditions trigger eighth amendment scrutiny--only deprivations of basic human needs like food, medical care, sanitation, and physical safety."). "Under the Eighth Amendment, a prisoner's diet must provide adequate nutrition." *Mays v. Springborn,* 575 F.3d 643, 648 (7th Cir. 2009). Beyond that, some of the unpleasantries that may arise in prison do not amount to a constitutional violation. *See Laufgas v. Speziale*, 263 Fed.Appx. 192, 198 (3d Cir.2008) ("there is no constitutional right to hot meals."); *Brown-El v. Delo,* 969 F.2d 644, 648 (8th Cir. 1992) (claim that being served cold food in segregation for 16 days was frivolous); *Hamm v. DeKalb County,* 774 F.2d 1567, 1575 (11th Cir. 1985) ("The fact that the [prison] food occasionally contains foreign objects or sometimes is served

cold, while unpleasant, does not amount to a constitutional deprivation."); *Jefferson v. Hodge,* No. 13-cv-106-GPM, 2013 WL 2284953, *7 (S.D.Ill. May 22, 2013) (inmates have a right to adequate nutrition but "there is no right to appetizing meals-no right to hot breakfasts."). Here, Lynn does not allege that his meals lacked sufficient nutrition. He alleges that "On or about April 5, 2013…Defendants were passing breakfast that only consisted on bread and water" and that he was "denied adequate meals from April 2, 2013 through April 7, 2013." The court does not interpret these allegations to state that Lynn was denied food for five days. This claim must be **dismissed** for failure to allege sufficient facts to state a violation of a constitutional right.

*Slippery Floors*. Lynn's claim that he "slipped and fell on the water that had accumulated" is insufficient to state a claim upon which relief may be granted. This danger is not enough to allege a violation of a constitutional right. *See Christopher v. Buss*, 384 F.3d 879, 882 (7th Cir. 2004) ("A 'protrusive lip' on a softball field, even if hazardous when a ball hits it in a certain way, does not amount to a condition objectively serious enough to implicate the Eighth Amendment."); *LeMaire v. Maass*, 12 F.3d 1444, 1457 (9th Cir. 1993) ("slippery prison floors . . . do not state even an arguable claim for cruel and unusual punishment")(internal quotation marks and citation omitted).

*Denial of Medical Care*. In order for an inmate to state a claim under § 1983 for medical mistreatment or the denial of medical care, the prisoner must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble,* 429 U.S. 97, 106 (1976). Deliberate indifference exists only when an official "knows of and disregards an excessive risk to an inmate's health; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan,* 511 U.S. 825, 837 (1994)(construing *Estelle*).

Lynn alleges serious injury and pain to the back of his knee and hip resulting from his slipping and falling on water. Nonetheless, under the circumstances he describes, his amended complaint lacks facial plausibility. The court reaches this conclusion because there is no allegation that defendants Åacted with a sufficiently culpable state of mind." *Walker v. Benjamin,* 293 F.3d 1030, 1037 (7th Cir. 2002) (citation omitted). It is well-settled that while incarcerated, an inmate is not entitled to the best possible care or to receive particular treatment of his choice. *See Forbes v. Edgar,* 112 F.3d 262, 267 (7th Cir. 1997). Negligence, even gross negligence, is insufficient to establish deliberate indifference under the Eighth Amendment. *See Farmer,* 511 U.S. at 835; *Mathis v. Fairman,* 120 F.3d 88, 92 (7th Cir. 1997); *Snipes v. DeTella*, 95 F.3d 586, 590 (7th Cir. 1996). There is no indication that the defendants= decision to initially treat Lynn with an ice pack and then two days later send him to the hospital was anything more than negligence. To the contrary, the amended complaint indicates that the defendants treated Lynn and told him that "when the doctor came he would be seen." These allegations do not rise to the level of "punishment" or deliberate indifference to any serious medical need. No actual harm has been alleged from the alleged delay in medical evaluation. The medical claims **are dismissed for failure to state a claim upon which relief can be granted.**

*Equal Protection.* Lynn's **equal protection claim is dismissed** for failure to state a claim upon which relief can be granted because a "person bringing an action under the Equal Protection Clause must show intentional discrimination against [him] because of [his] membership in a particular class, not merely that he was treated unfairly as an individual." *Herro v. City of Milwaukee*, 44 F.3d 550, 552 (7th Cir. 1995) (internal quotation omitted). "Prisoners are not a suspect class for equal protection purposes." *Johnson v. Daley,* 339 F.3d 582, 585-86 (7th Cir.

2003). Lynn has not alleged that he was discriminated against because of his membership in any particular class.

*Access to the Courts.* Lynn alleges that he was denied access to the courts and/or research materials. The Seventh Circuit has explained:

> [T]o state a right to access-to-courts claim and avoid dismissal under Rule 12(b)(6), a prisoner must make specific allegations as to the prejudice suffered because of the defendants= alleged conduct. This is because a right to access-to-courts claim exists only if a prisoner is unreasonable prevented from presenting legitimate grievances to a court; various resources, documents, and supplies merely provide the instruments for reasonable access, and are not protected in and of themselves. Thus, when a plaintiff alleges a denial of the right to access-to-courts, he must usually plead specific prejudice to state a claim, such as by alleging that he missed court deadlines, failed to make timely filing, or that legitimate claims were dismissed because of the denial of reasonable access to legal resources.

*Ortloff v. United States,* 335 F.3d 652, 656 (7th Cir. 2003)(general allegations that destruction of legal papers prejudiced pending lawsuits did not state a claim). There is no Aabstract free-standing right to a law library or legal assistance.@ *Lewis v. Casey,* 116 S. Ct. 2174, 2179 (1996). Lynn does not describe or allege any prejudice based on his lack of access to the Rush County Jail's legal resources or to the courts. This claim must therefore be dismissed as legally insufficient because it fails to state a facially plausible claim, meaning a claim with sufficient factual content that Aallows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."*Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1948 (2009).

*Criminal Charges*. Lynn seeks to use the present action to commence criminal charges against the defendants. This request is denied because a private individual has no right to compel such a prosecution. *See Leeke v. Timmerman*, 454 U.S. 83 (1981) (holding that inmates lacked standing to force issuance of arrest warrants of correctional officers for beatings); *Ragsdale v. Turnock*, 941 F.2d 501, 509 (7th Cir. 1991) (private persons generally have no right to enforce

criminal statutes or to sue under them unless the statute also creates a private right of action. (Posner, J., concurring), cert denied, 502 U.S. 1035 (1992).

**II.**

For the reasons explained above, even when liberally construed, the amended complaint fails to survive the screening required by ' 1915A because it fails to contain a legally viable claim under 42 U.S.C. ' 1983. Dismissal of the federal claims pursuant to 28 U.S.C. ' 1915A(b) is therefore mandatory. *Gladney v. Pendleton Corr. Facility,* 302 F.3d 773, 775 (7th Cir. 2002). The court does not direct the entry of final judgment at this time, however. Instead, Lynn shall have a period of time, **through September 23, 2014**, in which to file a **second amended complaint** which corrects the deficiencies noted above and sets forth a viable claim for relief. If a second amended complaint is filed it will entirely replace and supersede the first amended complaint. If a second amended complaint is filed it will also be subject to screening pursuant to 28 U.S.C. ' 1915A(b). If no second amended complaint is filed as just directed, the court will direct the entry of final judgment consistent with its analysis and conclusion in Part I. of this Entry.

Any second amended complaint must conform to the following guidelines: (a) the second amended complaint shall comply with the requirement of Rule 8(a)(2) of the *Federal Rules of Civil Procedure* that pleadings contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . . ," (b) the second amended complaint shall comply with the requirement of Rule 10 that the allegations in a complaint be made in numbered paragraphs, each of which should recite, as far as practicable, only a single set of circumstances, (c) the second amended complaint must identify what legal injury they claim to have suffered and what persons are responsible for each such legal injury, and (d) the second amended complaint shall contain a clear statement of

the relief which is sought. The plaintiff is further notified that [u]nrelated claims against different defendants belong in different suits. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

**IT IS SO ORDERED.**

Date: 9/4/2014

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

JAMES LYNN
#143934
PENDLETON - CIF
CORRECTIONAL INDUSTRIAL FACILITY
Inmate Mail/Parcels
5124 West Reformatory Road
PENDLETON, IN 46064

James S. Stephenson
STEPHENSON MOROW & SEMLER
jstephenson@stephlaw.com

Michael Roy Morow
STEPHENSON MOROW & SEMLER
mmorow@stephlaw.com